IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brandon Gabelhart d/b/a Tembo and Co., | C.A. No. 6:23-cv-03671-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Longhart Construction & Racking, LLC, and Joshua Longhart, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary Judgment. ECF Nos. 50, 51. Defendants and Plaintiff filed their respective Responses in Opposition, and Defendants filed a Reply. ECF Nos. 55, 75, 77. For the reasons set forth below, the Motions are granted in part and denied in part.

## I. BACKGROUND

This lawsuit arises out of a business dispute between the Parties. Both Plaintiff and Defendants are in the pallet racking industry. ECF Nos. 24 at 2; 51 at 2. The Parties met in 2019 and entered a business arrangement, although the nature of this arrangement is now disputed by the Parties. *See* ECF Nos. 24 at 2; 50-1 at 1; 51 at 2. According to Plaintiff, he, doing business as Tembo and Co. ("Tembo"), entered into a partnership with Defendants. ECF Nos. 24 at 3; 50-1 at 1; 75 at 1–2. According to Defendants, Plaintiff, doing business as Tembo, worked for Longhart Construction & Racking, LLC ("LCR") as an independent contractor. ECF Nos. 51 at 4; 75 at 4. It is undisputed, however, that Plaintiff would sell LCR racking materials and installation

services and received a percentage of the net profits from these sales, ranging from 25 to 50% of the profits over the years. It is further undisputed that the most recent iteration of this agreement reflected that Defendants agreed to pay Plaintiff 50% of the net profits from projects he brought to LCR. ECF No. 51 at 5. Neither Tembo nor LCR were registered corporate entities at the times relevant to this action. *See* ECF Nos. 51 at 2 n.2; 77-2; 77-3.

In 2021, Plaintiff secured a large installation project for Defendants for American Wholesale Grocers ("AWG") in St. Cloud, Minnesota (the "AWG Project"). ECF No. 50-1 at 1; 51 at 5. When the AWG Project was completed, Defendants paid Plaintiff over $500,000. ECF no. 50-1 at 2; 51 at 6. In Plaintiff's view, however, the AWG Project garnered appropriately $2 million dollars in profit, and, thus, the $500,000 payment did not come close to the 50% of realized profits from the AWG Project that the Parties agreed to share. ECF No. 50-1 at 1.

On June 23, 2023, Plaintiff filed suit against Defendants in the Court of Common Pleas for Greenville County, South Carolina. *See* ECF No. 1-1. On July 28, 2023, Defendants removed the action to this Court. ECF No. 1. On November 28, 2023, Plaintiff filed an Amended Complaint against Defendants, asserting six causes of action: (1) violation of the South Carolina Uniform Partnership Act ("SCUPA") / Accounting; (2) breach of partnership agreement; (3) judicial dissolution pursuant to S.C. Code Ann. §33-41-910 et seq.; (4) fraud; (5) conversion; and (6) violation of South Carolina's Payment of Wages Act, S.C. Code Ann. §41-10-10, et seq ("SCPWA"). ECF No. 24 at 7–12. On February 24, 2025, Plaintiff filed his Motion for Summary Judgment, and on February 25,

2025, Defendants filed their Motion for Summary Judgment. ECF Nos. 50, 51. Defendants and Plaintiff filed their respective responses to the Motions and Defendant filed their reply. ECF Nos. 55, 75,[1] 77. The Motions are now ripe for review.

## II. APPLICABLE LAW

### A. Summary Judgment Standard

Rule 56 states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and

---

[1] The Court granted Plaintiff leave to file his response months out of time and set the deadline for doing so for July 25, 2025. ECF No. 73. Plaintiff filed his response on that day attaching a single exhibit, Longhart's deposition. *See* ECF No. 75. On July 28, 2025, Plaintiff supplemented his response without leave of Court or consent of the Defendants to add two additional exhibits, Plaintiff's deposition and messages between Plaintiff and Longhart. *See id.* Defendants objected to this late supplementation and ask the court to disregard the additional exhibits. ECF No. 77 at 1 n.1. Upon review of the supplemented exhibits, one exhibit, Plaintiff's deposition, was already submitted to the Court by Defendants as an attachment to their Motion for Summary Judgment and their response in opposition to Plaintiff's Motion for Summary Judgment. *See* ECF Nos. 51, 55. The other exhibit, the messages, was not dispositive of any issue in the Court's analysis. Accordingly, the submission of these late filings by Plaintiff, while not necessarily excused, do not have any dispositive effect on the outcome of the Motions before the Court and will not be addressed further.

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine

>     dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## III.  DISCUSSION

Both Plaintiff and Defendants move for summary judgment as to all of Plaintiff's claims.[2] *See* ECF Nos. 50 at 1; 51 at 1. Plaintiff contends that there is no dispute he and Defendants entered into a general partnership agreement and that Defendants then breached this agreement or alternatively that Defendants classified Plaintiff as an employee, and he was not paid in violation of the SCPWA. *See* ECF No. 50-1. Conversely, Defendants assert that Plaintiff was not a partner in LCR, and that Plaintiff was instead an independent contractor so summary judgment is proper on all of Plaintiff's claims. *See* ECF No. 51. The Court first addresses Plaintiff's SCPWA claim, then turns to Plaintiff's remaining claims, which are all based upon the existence of a general partnership.

### A.  SCPWA Claim

Plaintiff argues that, if no partnership exists, then he is still owed payment as an employee and Defendants' failure to pay him the amount allegedly agreed upon is in violation of the SCPWA. ECF No. 50-1 at 6–7; 75 at 7–10. Defendants contend that

---

[2] Plaintiff moves for summary judgment on all six of his claims but only makes arguments concerning two of his claims: breach of partnership agreement and violation of the SCPWA. *See* ECF Nos. 50 at 1; 50-1 at 3–7.

5

Plaintiff was not an employee of LCR and therefore the SCPWA does not apply. ECF Nos. 51 at 8–12; 55 at 5.

Under the SCPWA, if an employer fails to "pay wages due to an employee as required by Section 41-10-40 or 41-10-50 the employee may recover an amount equal to three times the full amount or three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees." S.C. Code Ann. § 41-10-80(c). The SCPWA applies only to employer-employee relationships. *Wired Fox Techs., Inc. v. Estep*, No. CV 6:15-331-BHH, 2017 WL 1135288, at *19 (D.S.C. Mar. 27, 2017) ("The Payment of Wages Act is a remedial statute that is designed to protect employees and assist them in collecting compensation wrongfully withheld." (citing *Dumas v. Info Safe Corp.*, 463 S.E.2d 641, 645 (S.C. Ct. App. 1995))). Thus, as an initial matter the Court must determine whether Plaintiff and Defendants were in an employer-employee relationship.

"Under South Carolina common law, the primary consideration in determining whether an employer-employee relationship exists is whether the purported employer has the right to control the servant in the performance of his work and the manner in which it is done." *Kilgore Grp., Inc. v. S.C. Employment Sec. Comm'n*, 437 S.E.2d 48, 49 (S.C. 1993) (citation omitted). Courts consider the following factors in determining the right to control: "(1) direct evidence of the right to, or exercise of, control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire." *Id.* at 49–50 (citation omitted). In evaluating the four factors, the parties' agreement initially guides the Court's analysis, but more importantly the Court is "guided by the parties' conduct." *Wilkinson ex rel. Wilkinson v. Palmetto State Transp. Co.*, 676 S.E.2d 700, 702 (S.C. 2009).

6

The Court agrees with Defendants that the undisputed facts show that Plaintiff was not an employee of LCR and, accordingly, SCPWA does not apply. First, as to the direct evidence of right to, or exercise of, control over Plaintiff, Plaintiff asserts that Defendants exerted control over him by refusing to let him leave the site of the AWG Project and permit him to return home. ECF No. 75 at 9. The only evidence Plaintiff cites for this assertion is Longhart's deposition. *See id.* However, a review of the depositional testimony cited by Plaintiff does not support this contention. *See* ECF No. 75-1 at 19. Rather the portion of the testimony provided to the Court reflects that Plaintiff stated he had to get home and made inquiries about Longhart's flight plans. *See id.* This testimony does not demonstrate Plaintiff sought permission to leave or that Longhart refused to let him leave the site of the AWG Project. *See id.* Even drawing all favorable inferences in Plaintiff's favor, a mere scintilla is not enough to create a question of material fact, especially when *direct* evidence is what is required. It is certainly not enough for Plaintiff to meet his burden on his own Motion for Summary Judgment as to this claim. Accordingly, the Court finds this evidence is insufficient to show an exercise of control over Plaintiff and weighs against finding an employer-employee relationship.

Second, the evidence as to method of payment to Plaintiff, and moreover how that payment was treated by Plaintiff, supports finding there was no employer-employee relationship. The undisputed evidence reflects that Plaintiff treated his revenue from LCR as self-employment income and all payments from Defendants were made to Plaintiff's

company, Tembo, and not to Plaintiff individually.[3]  See ECF Nos. 51 at 12; 51-4; 75 at 4.  In arguing procedural discrepancies, including that his own tax returns should not be decisive, Plaintiff cites to Spivey v. D.G. Const. Co., 467 S.E.2d 117, 119 (S.C. Ct. App. 1996), for the proposition that "procedural obscurities such as failing to complete employment-related tax documents do not preclude an employment finding where the other factors considered indicate the presence of one."  ECF No. 75 at 8.  While the Court agrees that a tax document alone is not dispositive on the issue of an employer-employee relationship, the Court finds Spivey distinguishable from this action.  In Spivey, based on preponderance of the evidence, "the circumstances show[ed] unequivocally that the parties recognize the [employer-employee] relationship."  467 S.E.2d at 119.  There is no unequivocal recognition of an employer-employee relationship in this action nor is there substantial evidence of an employment agreement.  While Longhart referred to Plaintiff as an "employee" of LCR in his deposition testimony, he also averred repeatedly that he did not view Plaintiff as an employee.  ECF Nos. 75-1 at 17; 51-1 at 3, 5, 6.  Moreover, Plaintiff's own testimony does not reflect that he viewed himself as an employee or that he believed he lacked autonomy over the operations of his business dealings with Defendants.  See ECF Nos. 51 at 10; 51-2.  Indeed, Plaintiff's testimony and arguments reflect that he viewed himself as Defendants' equal partner in the business.  See id.  Moreover, tax information has been considered affirmative evidence of the non-existence

---

[3] The Court recognizes that, at all times relevant to this action, Tembo was not a properly formed corporation, and accordingly Tembo is more accurately described as Plaintiff doing business as Tembo.

of an employer-employee relationship by courts, especially where as here there is other substantial evidence this relationship did not exist. *See, e.g.*, *Wilkinson*, 676 S.E.2d at 704. Accordingly, the Court finds the evidence concerning the method of payment bears no indicia of an employment relationship.

Third, the evidence of the record reflects that Plaintiff furnished his own equipment. Longhart averred that LCR did not provide Plaintiff with any equipment for Plaintiff's work performed for LCR, including on the AWG Project. ECF No. 51-1 at 5. Plaintiff cites no contrary evidence, nor does he make any arguments as to this factor. *See* ECF Nos. 50-1, 75. Accordingly, the Court finds this factor also weighs against finding the existence of an employer-employee relationship.

Fourth, and finally, the right to fire is neutral evidence as to the existence of an employer-employee relationship. Although there was no written agreement between the Parties laying out how the arrangement could be terminated, Defendants assert that they could have terminated the arrangement between the Parties. ECF No. 51 at 11.

The Court also considers these factors in light of the Parties' conduct, which further supports a finding that no employer-employee relationship existed. *Wilkinson*, 676 S.E.2d at 702. Accordingly, the Court finds that there is no genuine issue of material fact as to this claim. Plaintiff was not Defendants' employee; accordingly, Plaintiff's Motion for Summary Judgment is denied, and Defendants' Motion for Summary Judgment is granted with respect to Plaintiff's SCPWA claim.

## B. Partnership Claims

Plaintiff brings five causes of action that are rooted in the existence of a general

partnership between Plaintiffs and Defendants: (1) violation of SCUPA; (2) breach of partnership agreement; (3) judicial dissolution of a partnership; (4) fraud based on the allegation that Defendants' represented that through the partnership between the Parties, Plaintiff and Defendants "would share equally in profits and losses, be entitled to business related expense reimbursement, and there would be financial transparency related to all partnership projects"; and (5) conversion because partnership assets were converted for Defendants' financial gain.  ECF No. 24 at 7–12.  Plaintiff and Defendants dispute whether a partnership between them exists.[4]  See ECF Nos. 50, 51, 55, 75, 77.  Because the Court finds there are genuine issues of material fact concerning the existence of a partnership, both pending Motions for Summary Judgment are denied as to these claims.

---

[4] As an initial matter the Parties dispute the basis for Plaintiff's partnership claims. Plaintiff asserts that he does not claim to be a partner in Longhart's company, LCR, but instead that a partnership was formed between his company, Tembo, and Longhart's company, LCR.  ECF No. 75 at 1–2.  Defendants contend that any claim based on a partnership between Tembo and LCR fails because neither of these corporate entities legally existed at the time of the actions giving rise to this action.  ECF No. 77 at 2.  A review of Plaintiff's complaint reveals that Plaintiff alleged: "Plaintiff and Longhart agreed to form a general partnership in which both parties would be equally responsible for all business expenses, including warehousing costs and operational expenses, and all business profits."  ECF No. 24 at 3.  To the extent Plaintiff seeks to amend his complaint by response brief to allege a partnership existed between Tembo and LCR, he may not do so.  Smith v. Demory, C.A. No. 9:19-cv-1771-HMH-MHC, 2020 WL 8413565, at *7 (D.S.C. Dec. 15, 2020) ("[I]t is well-established that a plaintiff cannot amend the complaint by alleging new claims in his response to a motion for summary judgment.") (citing S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, 713 F.3d 175, 184–85 (4th Cir. 2013)).  Regardless, these arguments are not dispositive to the Court's analysis because the business entities Tembo and LCR were operated as sole proprietorships and individual persons operating sole proprietorships are not distinct from the proprietorship itself.  See Moore v. Moore, 599 S.E.2d 467, 476 (S.C. Ct. App. 2004) ("Because Appellant's business was a sole proprietorship, he and his business were not distinct entities."); Auto-Owners Ins. Co. v. Rhodes, 748 S.E.2d 781, 789 (S.C. 2013) ("[A] sole proprietorship form of business provides complete identity of the business entity with the proprietor himself[.]" (citation omitted)).  Accordingly, the Court focuses its analysis on whether a partnership was formed between Plaintiff and Longhart.

Under South Carolina law, a partnership is an association of two or more persons to carry on as co-owners a business for profit. S.C. Code Ann. § 33-41-210. "[W]here the parties to a contract, by their acts, conduct, or agreement show that they intended to combine their property, labor, skill and experience, or some of these elements on one side, and some on the other, to carry on, as principals or co-owners, a common business, trade, or venture as a commercial enterprise, and to share, either expressly or by implication, the profits and losses or expenses that may be incurred, such parties are partners." *Stephens v. Stephens,* 50 S.E.2d 577, 580 (S.C. 1948). "A partnership agreement may rest in parol. It may be implied and without express intention." *Wyman v. Davis*, 74 S.E.2d 694, 698 (S.C. 1953); *Halbersberg v. Berry*, 394 S.E.2d 7, 10 (S.C. Ct. App. 1990). Indeed, a partnership may be found to exist by implication from the parties' conduct. *Corley v. Ott,* 485 S.E.2d 97, 99 (S.C. 1997); *Stephens,* 50 S.E.2d at 580.

"One of the most important tests as to the existence of a partnership is the intention of the parties." *Stephens,* 50 S.E.2d at 579. To determine whether a partnership exists, the following tests are used: (1) the sharing of profits and losses; (2) community of interest in capital or property; and (3) community of interest in control and management. *Wyman,* 74 S.E.2d at 699; *Stephens,* 50 S.E.2d at 579; *Halbersberg,* 394 S.E.2d at 10. "[W]hen all of the conditions exist which by law create a legal relationship, the effects flowing legally from such relation follow whether the parties foresaw and intended them or not." *Stephens,* 50 S.E.2d at 579.

Undisputed evidence shows that Plaintiff and Longhart shared profits from their joint business venture. *See* ECF Nos. 50-1 at 1; 51 at 4; 51-1 at 4. Longhart argues that

because Plaintiff was only entitled to profits from projects he secured and he and Plaintiff did not "equally" share profits through the course of their dealings, no partnership existed. *See* ECF No. 51 at 14–15.  The Court disagrees.  While South Carolina law "requires that co-owners carry on business for profit, it does not necessarily require that partnerships must equally share profits." *Massey v. Fanning*, No. 2019-001968, 2023 WL 2004373, at *3 (S.C. Ct. App. Feb. 15, 2023).  Indeed, "[t]he receipt by a person of a share of the profits of a business is prima facie evidence of the existence of a partnership."  *See* S.C. Code Ann. § 33-41-220(4) (1976).

However, while the Court finds the undisputed evidence shows an agreement to share profits, whether a partnership exists requires evidence of both the sharing of profits *and* losses.  *See Wyman,* 74 S.E.2d at 699; *Stephens,* 50 S.E.2d at 579; *Halbersberg,* 394 S.E.2d at 10.  Longhart asserts Plaintiff did not share in any losses from their business arrangement.  *See* ECF No. 51 at 15.  While Defendants concede Plaintiff covered a portion of two overhead expenses, they argue the funds used to make those payments came out of gross revenues LCR received on the projects in which Plaintiff was involved, not his personal or business account.  *Id.*  Defendant also argues that LCR of course had many other overhead expenses, none of which Plaintiff claims to have covered, and these expenses represented only a fraction of LCR's liabilities and do not demonstrate Plaintiff shared in their business venture's "losses."  *See id.*  Plaintiff asserts however he did contribute to the joint venture's losses, including by covering "50% of the cost of the warehouse used for partnership operations and 50% of the insurance premiums associated with those operations."  *See* ECF No. 75 at 4.  Plaintiff also points to charges to his personal credit card to lodge workers for the project but also states that

12

he sought reimbursement from Longhart for this expense.  *Id.* at 4–5.

Whether the Parties shared in the losses of their joint business venture is material for determining whether the Parties entered into a partnership and these questions are better decided by the trier of fact, not by the Court.  Here, the evidence could support either a conclusion that Plaintiff shouldered expenses for the Parties' joint business venture and these expenses amounted to sharing in the "losses" of this venture or that Plaintiff was to be reimbursed for such expenses in any event.

The Court also finds there are questions of material fact as to whether there was community of interest in capital or property by the Parties or whether the Parties had a community of interest in control and management of their business.  The evidence before the Court demonstrates that the Parties had a shared warehouse, which Plaintiff now claims housed partnership property that has been improperly converted by the Defendants; Plaintiff had access to a shared Quickbooks with Defendants but the extent of his access and control over finances beyond preparing quotes is disputed; Plaintiff and Defendants did not share any bank accounts; and while working for the alleged partnership, Plaintiff also performed work for another business, BF Materials.  ECF No. 24 at 11; 50-1 at 4; 51 at 4, 15; 51-1 at 4; 51-2 at 25, 32; 55 at 3; 75 at 4, 5; 77 at 2.  Again, the evidence here cuts both ways and a reasonable trier of fact could come to different conclusions concerning the significance of this evidence in determining whether a partnership existed between the Parties.

The Court's "function" at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249; *accord Wilson v. Prince George's Cnty., Md.*, 893 F.3d

213, 218–19 (4th Cir. 2018); *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).  Where there is conflicting evidence, such as competing affidavits and testimony, summary judgment ordinarily is not appropriate because it is the function of the factfinder to resolve factual disputes. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).  For the reasons stated above, Court finds that genuine issues of material fact exist as to whether a partnership between Plaintiff and Longhart was formed. Accordingly, their respective Motions for Summary Judgment are denied with respect to Plaintiff's claims for violation of SCUPA, breach of partnership agreement, judicial dissolution of a partnership, fraud, and conversion.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [50] is **DENIED** and Defendants' Motion for Summary Judgment [51] is **GRANTED IN PART AND DENIED IN PART**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 30, 2025
Spartanburg, South Carolina